IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATASHA R. JONES, individually and on behalf of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Case No. 1:22-cv-3437 |

## NOTICE OF REMOVAL

Defendant Microsoft Corporation files this Notice of Removal, under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, of Case No. 2022-CH-05145 pending in the Circuit Court of Cook County, Illinois. In support of its Notice of Removal, Microsoft states:

## INTRODUCTION AND BACKGROUND

1. On May 26, 2022, Plaintiff Natasha R. Jones, individually and on behalf of similarly situated individuals, filed a Class Action Complaint in the Circuit Court of Cook County, Illinois, styled as *Natasha R. Jones v. Microsoft Corporation*, Case No. 2022-CH-05145. Microsoft was served with the Complaint on June 1, 2022.

2. Plaintiff's Complaint asserts claims for alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*

3. On behalf of herself and the putative class, Plaintiff seeks an order awarding: class certification; declaratory relief that Microsoft's actions violated BIPA; injunctive relief by requiring Microsoft to comply with BIPA; statutory damages for Microsoft's alleged BIPA

violations under 740 ILCS 14/20; and reasonable attorneys' fees, costs, and other litigation expenses. Ex. A, p. 16–17.

4. Microsoft is the only defendant.

5. Microsoft has not yet responded to Plaintiff's Complaint. Plaintiff filed a Motion for Class Certification or, Alternatively, for Deferred Class Certification Ruling Pending Completion of Class Discovery on May 31, 2022. The parties have not yet filed or served any other pleadings.

6. Copies of "all process, pleadings, and orders served upon [] defendant" are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

7. A copy of the Motion for Class Certification or, Alternatively, for Deferred Class Certification Ruling Pending Completion of Class Discovery, is attached as **Exhibit B**.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453(b). As detailed below, this is a putative class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class and the defendant; and the alleged amount in controversy exceeds $5 million, exclusive of interest and costs.

9. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1442(a).

### A. Class Size

10. Plaintiff filed a class action complaint and purports to represent a "class" of individuals under 735 ILCS 5/2-801, *et seq*. *See* Ex. A ¶ 47. Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

11. The class Plaintiff seeks to represent includes more than 100 members. Under CAFA, "defendant[s] may rely on the estimate of the class number set forth in the complaint." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017). Plaintiff alleges the proposed class includes "hundreds if not thousands of members," and therefore exceeds the statutory minimum under CAFA. *See* Ex. A ¶ 49; 28 U.S.C. § 1332(d)(5)(B).

### B. Minimal Diversity of Citizenship

12. Under CAFA, there is minimal diversity of citizenship among the parties here. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff alleges she is a resident of Illinois. *See* Ex. A ¶ 7.

14. Microsoft is a Washington corporation with its principal place of business in Washington. *Id.* ¶ 8. Under CAFA, a corporation is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(c)(1). Microsoft is therefore a citizen of Washington, and minimal diversity exists between the parties under 28 U.S.C. § 1332(d)(2)(A).

### C. Amount in Controversy

15. For CAFA's amount in controversy requirement to be satisfied, there need only be "a reasonable probability that the stakes exceed" $5,000,000 based on the allegations in the Complaint. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed,

"[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted). The amount in controversy "is a pleading requirement, not a demand for proof." *Id.* (quoting *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)).

16. Microsoft denies the validity and merit of Plaintiff's claims, the legal theories upon which they are based, that this case could or should properly be certified as a class, and that Plaintiff is entitled to any alleged monetary and other relief. Solely for the purposes of removal, Microsoft acknowledges that Plaintiff's Complaint pleads facts sufficient to establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000. But Microsoft does not concede that Plaintiff or the putative class are entitled to damages, penalties, or any relief whatsoever.

17. Plaintiff alleges "willful or reckless" violations of BIPA Sections 15(a)–(d), Ex. A p. 11–16, which carry statutory damages of up to $5,000 "per violation." 740 ILCS 14/20. Plaintiff further asserts the putative class consists of "hundreds if not *thousands* of members." Ex. A ¶ 49 (emphasis added). Thus, based solely on Plaintiff's allegations in her Complaint, and if there are only 1,001 members of the proposed class, recovery of greater than $5,000,000 is legally possible (*i.e.*, 1,001 members x at least four alleged statutory violations x $5,000 statutory damages = $20,020,000).[1] *See Spivey*, 528 F.3d at 986 ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

---

[1] Microsoft describes this amount in controversy based solely on Plaintiff's allegations but does not concede that the allegations, including Plaintiff's alleged class size, are correct. For removal purposes, the question is not "what damages the plaintiff will recover, but only how much is in controversy between the parties." *Sabrina Roppo*, 869 F.3d at 579.

**D.    CAFA Exceptions Do Not Bar Removal**

Sections 1332(d)(4), (d)(9), and 1453(d) of the United States Code list exclusions to removal jurisdiction. This action does not fall within any of those exclusions. Section 1332(d)(4) bars district courts from exercising jurisdiction over a class action when, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A). Section 1332(d)(4)(B) similarly excludes from district court jurisdiction cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). This action does not fall within the exclusions to removal jurisdiction described in these sections because, as demonstrated above, Microsoft, the only defendant, is a citizen of Washington, and is not a citizen of Illinois. *See In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

The exceptions to CAFA removal jurisdiction in Sections 1332(d)(9) and 1453(d) apply to matters that arise under the Securities Act of 1933 or the Securities Exchange Act of 1934. 28 U.S.C. § 1332(d)(9); 28 U.S.C. § 1453(d). This action was not brought under either of those Acts, and therefore those exceptions do not apply.

## TIMELINESS

18. The removal statute requires a defendant to file a notice of removal no later than 30 days after service. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C). Removal is timely because Microsoft was served with the Complaint on June 1, 2022.

## NOTIFICATIONS

19. In accordance with 28 U.S.C. § 1446(d), Microsoft will promptly provide written notice of removal to Plaintiff through her counsel of record.

20. Microsoft will also file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, under 28 U.S.C. § 1446(d).

## NON-WAIVER

21. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Microsoft reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

22. Microsoft reserves all defenses it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

## **CONCLUSION**

All requirements for diversity and removal jurisdiction are met here. This action is therefore properly removed to this Court for all future proceedings.

| | |
|---|---|
| DATE: June 30, 2022 | **MORGAN, LEWIS & BOCKIUS LLP**<br><br>/s/ *Elizabeth B. Herrington*<br>Elizabeth B. Herrington<br>Gregory T. Fouts<br>Benjamin Kabe<br>110 North Wacker Drive, Suite 2800<br>Chicago, Illinois 60606<br>T: (312) 324-1445<br>F: (312) 324-1001<br>beth.herrington@morganlewis.com<br>gregory.fouts@morganlewis.com<br>benjamin.kabe@morganlewis.com<br><br>*Counsel for Defendant Microsoft Corporation* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2022, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Myles McGuire
Paul T. Geske
Steven R. Beckham
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
sbeckham@mcgpc.com

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington