# Exhibit A

| | |
|---|---|
| **From:** | sop <sop@cscinfo.com> |
| **Sent:** | Wednesday, June 01, 2022 4:42 PM |
| **To:** | MS Service of Process Management Team |
| **Subject:** | [EXTERNAL] Notice of Service of Process - Transmittal Number: 25003058 |



**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **25003058**
(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Microsoft Corporation |
| **Entity I.D. Number:** | 1827583 |
| **Entity Served:** | Microsoft Corporation |
| **Title of Action:** | Natasha R. Jones vs. Microsoft Corporation |
| **Matter Name/ID:** | Natasha R. Jones vs. Microsoft Corporation (12382938) |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2022CH05145 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 06/01/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Mcguire Law, P.C.
312-893-7002

**Primary Contact:**
Yana Rosenbloom
Microsoft Corporation Legal Department

**Electronic copy provided to:**
Nan Zeller
Amanda Turner

1

Joanna Byng
Amanda Turner (SOP)
Erika Whinihan

To review other documents in this matter, please link to CSC's Matter Management Services at www.cscglobal.com

---

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

---

**251 Little Falls Drive, Wilmington, Delaware 19808-1674**
**(888) 690-2882 | sop@cscglobal.com**

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 2

FILED
5/31/2022 4:08 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05145
Calendar, 2
18102498

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**                    (12/01/20) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Natasha R. Jones, individually and
on behalf of similarly situated individuals,

_____
Plaintiff(s)

v.

Microsoft Corporation

_____
Defendant(s)

c/o Illinois Corporation Service Company
801 Adlai Stevenson Dr., Springfield, IL 62703

_____
Address of Defendant(s)

Case No. 2022-CH-05145 _____

Please serve as follows (check one):   ○ Certified Mail   ○ Sheriff Service   ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached.
You are summoned and required to file your appearance, in the office of the clerk of this court,
within 30 days after service of this summons, not counting the day of service. If you fail to do so, a
judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE
COURTHOUSE.** You will need: a computer with internet access; an email address; a completed
Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/
appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**
Page 1 of 3

FILED DATE: 5/31/2022 4:08 PM   2022CH05145

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www. illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 56618
○ Pro Se 99500

Name: McGuire Law, P.C.

Atty. for (if applicable):

Plaintiff

Address: 55 W. Wacker Dr., 9th. Floor

City: Chicago

State: IL    Zip: 60601

Telephone: (312) 893-7002

Primary Email: SBeckham@mcgpc.com

Witness date _____

5/31/2022 4:08 PM IRIS Y. MARTINEZ

_____
IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail: _____

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

FILED DATE: 5/31/2022 4:08 PM  2022CH05145

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                OR
        ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES
#### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

#### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

#### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

#### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

#### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 2

FILED
5/31/2022 3:25 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05145
Calendar, 2
18100870

FILED DATE: 5/31/2022 3:25 PM 2022CH05145

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

Natasha R. Jones, individually and on behalf of similarly situated individuals,

Plaintiff

v.

Microsoft Corporation

Defendant

Case No: 2022-CH-05145

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | | | | |
|---|---|---|---|---|---|
| 0005 | ☐ Administrative Review | | 0017 | ☐ Mandamus | |
| 0001 | ☑ Class Action | | 0018 | ☐ Ne Exeat | |
| 0002 | ☐ Declaratory Judgment | | 0019 | ☐ Partition | |
| 0004 | ☐ Injunction | | 0020 | ☐ Quiet Title | |
| | | | 0021 | ☐ Quo Warranto | |
| 0007 | ☐ General Chancery | | 0022 | ☐ Redemption Rights | |
| 0010 | ☐ Accounting | | 0023 | ☐ Reformation of a Contract | |
| 0011 | ☐ Arbitration | | 0024 | ☐ Rescission of a Contract | |
| 0012 | ☐ Certiorari | | 0025 | ☐ Specific Performance | |
| 0013 | ☐ Dissolution of Corporation | | 0026 | ☐ Trust Construction | |
| 0014 | ☐ Dissolution of Partnership | | 0050 | ☐ Internet Take Down Action (Compromising Images) | |
| 0015 | ☐ Equitable Lien | | | | |
| 0016 | ☐ Interpleader | | | ☐ Other (specify) _____ | |

◉ Atty. No.: 56618     ◯ Pro Se 99500

Atty Name: McGuire Law, P.C.

Atty. for: Plaintiff

Address: 55 W. Wacker Dr., 9th Floor

City: Chicago     State: IL

Zip: 60601

Telephone: (312) 893-7002

Primary Email: SBeckham@mcgpc.com

Pro Se Only: ☐ I have read and agree to the terms of the Clerk's Clerk's Office Electronic Notice Policy and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

Email: _____

Hearing Date: 9/29/2022 10:00 AM
Location: Court Room 2601
Judge: Mitchell, Raymond W.

**12-Person Jury**

FILED
5/26/2022 5:12 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05145
Calendar, 2
18067907

FILED DATE: 5/26/2022 5:12 PM  2022CH05145

## CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

NATASHA R. JONES, individually and
on behalf of similarly situated
individuals,

      *Plaintiff,*

        v.

MICROSOFT CORPORATION, a
Washington corporation,

      *Defendant.*

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. **2022CH05145**

## CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff, Natasha R. Jones, by and through her undersigned attorneys, brings this Class

Action Complaint against Defendant Microsoft Corporation ("Microsoft" or "Defendant") to seek

redress on her own behalf and on behalf of similarly situated individuals for Defendant's violations

of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* Plaintiff alleges as

follows based on personal knowledge as to her own acts and experiences, and on information and

belief as to all other matters, including an investigation by her attorneys.

### INTRODUCTION

1.     While many employers use straightforward methods to allow their employees to

clock-in and clock-out of work, such as ID badges or conventional punch clocks, some employers

require that employees—as a condition of employment—have their fingerprints scanned by a

device or application.

2.     Unlike ID badges or pass codes, which can be easily changed or replaced if stolen

or compromised, a fingerprint is a unique, permanent biometric identifier associated with each

employee. Employers' use of this technology exposes their employees to serious and irreversible

1

FILED DATE: 5/26/2022 5:12 PM 2022CH05145

privacy risks. For example, if a database containing fingerprints or other sensitive, proprietary biometric data is hacked, breached, or otherwise exposed, employees have no practical means by which to prevent identity theft, unauthorized tracking, or other unlawful or improper use of this highly personal and private information.

3.      Recognizing the need to protect its citizens from situations like these, Illinois enacted the Biometric Information Privacy Act ("BIPA") specifically to regulate companies that collect, obtain, store, use, and/or disseminate Illinois citizens' biometrics, such as fingerprints.

4.      Defendant is an entity subject to BIPA, as it stores myriad types of data, including biometrics, on behalf of a wide range of employers spanning virtually every industry sector. Specifically, Defendant offers cloud storage services for businesses that collect biometric identifiers and biometric information. For example, some of Defendant's customers are commercial businesses that require their employees to provide their biometrics, such as fingerprints, to clock in and out of their shifts at work. In such a scenario, Defendant obtains and stores data and information that is generated as a result of the capture, collection, and processing of biometric identifiers. This information is considered "biometric information" subject to regulation under BIPA.

5.      Despite obtaining, storing, and possessing Illinois residents' biometric information—including Plaintiff's biometrics—on behalf of its customers, Defendant has failed to comply with BIPA in multiple ways.

6.      Accordingly, Plaintiff brings this action for damages and other relief as a result of Defendant's conduct in violating her biometric privacy rights under BIPA. On behalf of herself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members in an amount to be

2

FILED DATE: 5/26/2022 5:12 PM 2022CH05145

determined at trial, together with costs and reasonable attorneys' fees.

## PARTIES

7.     Plaintiff, Natasha R. Jones, is a natural person and at all relevant times has been a resident of Illinois.

8.     Defendant, Microsoft Corporation, is a for-profit corporation organized under the laws of Washington and headquartered in Redmond, Washington. Defendant maintains a registered agent in Illinois and is licensed to conduct business in Illinois, and does in fact conduct substantial business throughout Illinois, including in Cook County, Illinois.

## JURISDICTION AND VENUE

9.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is knowingly doing business within this State such that it has sufficient minimum contacts with Illinois and has purposely availed itself of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff's claims arise out of or relate to Defendant's conduct in Illinois, as Defendant transacts with and provides cloud-based storage for employers that captured, collected, stored, and used Plaintiff's and the other putative Class members' biometric identifiers and/or biometric information in this State.

10.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant is foreign corporation doing business in Cook County and it thus resides there under § 2-102.

## THE BIOMETRIC INFORMATION PRIVACY ACT

11.     "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296.

3

FILED DATE: 5/26/2022 5:12 PM 2022CH05146

12.     BIPA was enacted in 2008 in order to safeguard individuals' biometrics as the result of the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276. BIPA is codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

13.     As set forth in BIPA, biologically unique identifiers, such as a person's unique fingerprint, implicate special concerns because they cannot be changed:

> Biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions.

740 ILCS 14/5(c).

14.     Due to the need for enhanced protection of biometrics, BIPA imposes various requirements on private entities with respect to individuals' biometrics.

15.     Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g). BIPA thus applies to entities that interact with two forms of Biometric Data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)–(e).

16.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including fingerprints, voiceprints, palm scans and facial geometry. "Biometric identifiers" are physiological, as opposed to behavioral, characteristics. BIPA's text provides a non-exclusive list of protected "biometric identifiers," including "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

17.     "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to

FILED DATE: 5/26/2022 5:12 PM 2022CH05145

identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA. Collectively, biometric identifiers and biometric information are known as "biometrics."

18.     In Section 15 of BIPA, there is a list of four distinct categories of activities that may subject private entities to liability:

> a.  possessing biometrics without making publicly available a written biometric retention and destruction policy, 740 ILCS 14/15(a);
>
> b.  collecting biometrics without informed written consent, 740 ILCS 14/15(b);
>
> c.  profiting from biometrics, 740 ILCS 14/15(c); and
>
> d.  disclosing or disseminating biometrics without consent, 740 ILCS 14/15(d).

19.     Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper.

## FACTUAL BACKGROUND

### Defendant's Azure Platform

20.     Defendant is the provider of the Azure cloud computing service, which hosts and manages applications and services through Microsoft-managed data centers. Importantly, Azure is also a cloud storage platform for biometric timekeeping providers.

21.     Cloud computing services, such as Azure, allow users to store and access data through the internet rather than storing the data locally. More specifically, cloud technology uses virtual servers to store information rather than maintaining storage on an on-site device. These virtual servers connect to data centers where the information is physically stored.

22.     Defendant's Azure data centers are located throughout the country, including in Illinois. Specifically, Defendant operates a 700,000 square-foot data center in Northlake, Illinois,

FILED DATE: 5/26/2022 5:12 PM    2022CH05145

and has recently begun constructing data centers in Elk Grove Village, Illinois and Hoffman Estates, Illinois. Importantly, Defendant's Azure North Central US region has its data center located in Illinois.

23.     Defendant offers Microsoft Azure as a "Platform as a Service" product and includes its Azure SQL Database in such service. Azure can be used to host software and other products while also storing sensitive information.

**Azure's Integration with Biometric Timeclocks**

24.     Biometric timekeeping services work by extracting biometric information from individuals, such as handprints, fingerprints, or portions thereof, and subsequently using the same for authentication and timekeeping purposes. The systems include the dissemination of biometrics to third-parties, such as data storage vendors and payroll services.

25.     One prominent biometric timekeeping provider is Paychex, Inc. ("Paychex"). Paychex provides biometric timekeeping services to employers throughout the state of Illinois. Importantly, Paychex's entire suite of apps, including Paychex Flex Time, are cloud-based apps supported by, and stored on, Defendant's Azure cloud-computing service and at Defendant's data centers.

26.     Paychex is the second largest consumer of Microsoft Azure's public cloud database. Paychex organizes each employer into its own database and now stores over 40,000 of its employers' databases on Azure.

27.     Because it is hosted on Defendant's Azure cloud technology, Paychex Flex Time relies on Defendant's data centers to store the information Paychex Flex Time collects.

28.     The Paychex Flex Time application handles clocking-in and clocking-out and is hosted on Microsoft Azure. Paychex Flex Time processes three million timeclock punches each

FILED DATE: 5/26/2022 5:12 PM   2022CH05145

day and sends such information to its software hosted by Microsoft Azure.

29.     Numerous employers throughout the state of Illinois use Paychex's biometric timekeeping services to track their employees' time. Paychex has collected and stored around 80,000 employees' biometrics in Illinois while utilizing Defendant's Azure technology.

30.     When employers that use Paychex Flex Time hire new employees, they scan the new employees' fingerprints to enroll them in an employee database hosted by Defendant on Azure.

31.     Employees are then required to use their biometrics to clock-in and clock-out of work to record their time. Such information is transferred and stored on Defendant's Azure service.

32.     When employees' biometrics are uploaded into Paychex Flex Time, Defendant collects, obtains, and stores the employees' fingerprint data to be used as a template with which to compare future fingerprint scans in order to verify the users' identity.

33.     Through the integration of Paychex's Flex Time application with the Azure platform, Defendant collects, obtains, and stores employees' biometrics each time the employees clock-in or clock-out of work.

34.     Despite collecting and storing biometrics with Azure, Defendant fails to comply with BIPA's statutory requirements, thereby depriving employees of their statutory rights.

35.     Although Defendant collects and stores biometrics of its clients' employees, including Plaintiff's and the other Class members' biometrics, Defendant failed to obtain proper written consent as required by BIPA to collect such biometrics.

36.     Further, Defendant failed to make publicly available a written policy as to Defendant's retention and deletion practices regarding the biometrics in its possession.

37.     Defendant also unlawfully profited from the biometrics it obtained from its clients'

7

FILED DATE: 5/26/2022 5:12 PM  2022CH05145

employees, including Plaintiff and the other Class members, as Defendant was paid by its clients for access to Defendant's Azure cloud computing services.

## FACTS SPECIFIC TO PLAINTIFF

38.     Plaintiff began working for Chicago Marriott Suites in or around October 2015 and continued working there for approximately six years.

39.     As a condition of her employment, Plaintiff was required to scan and register her fingerprint for timekeeping purposes.

40.     Plaintiff's employer registered her fingerprint through Paychex, the employer's biometric timekeeping service provider.

41.     Paychex utilizes Defendant's Azure platform to provide such biometric timekeeping services.

42.     Accordingly, Defendant obtained and stored Plaintiff's and other Class members' biometrics on its Azure database.

43.     Plaintiff was required to provide biometric scans each time she needed to clock in and clock out of a shift at work.

44.     However, Defendant collected, obtained, and stored electronic information derived from the scanning of Plaintiff's biometric identifiers without first informing Plaintiff in writing that Plaintiff's biometrics were being collected, stored, used, or disseminated, or publishing any policy addressing its biometric retention and destruction schedules, as required by BIPA.

45.     Nor did Defendant seek, and Plaintiff never provided to Defendant, any written consent.

46.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state law rights to biometric privacy.

8

FILED DATE: 5/26/2022 5:12 PM   2022CH05146

## CLASS ALLEGATIONS

47.     Plaintiff brings this action both individually on her own behalf and, pursuant to 735

ILCS § 5/2-801, as representative on behalf of a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, used,
> transmitted, or disseminated by an employer using timekeeping software hosted on
> Defendant's Azure service within the state of Illinois at any time within the
> applicable limitations period.

48.     Excluded from the Class are any members of the judiciary assigned to preside over

this matter; any officer or director of Defendant; and any immediate family member of such

individuals.

49.     Upon information and belief, there are hundreds if not thousands of members of the

Class, making the members of the Class so numerous that joinder of all members is impracticable.

Although the exact number of members of the Class is currently unknown to Plaintiff, the members

can be easily identified through Defendant's records and the personnel records of Defendant's

employer-customers.

50.     Plaintiff's claims are typical of the claims of the members of the Class that Plaintiff

seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the

other Class members are the same, and because Defendant's conduct has resulted in similar harms

to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all been aggrieved as

a result of Defendant's BIPA violations.

51.     There are many questions of law and fact common to the claims of Plaintiff and the

Class, and those questions predominate over any questions that may affect individual members.

Common questions for the Class include, but are not limited to, the following:

   a.   Whether Defendant's conduct with respect to the Azure platform is subject to BIPA;

   b.   Whether Defendant made available to the public a written policy that establishes a

FILED DATE: 5/26/2022 5:12 PM  2022CH05146

retention schedule and guidelines for destroying biometrics;

c.  Whether Defendant obtained a written release from the Class members before capturing, collecting, storing, or otherwise obtaining their biometrics;

d.  Whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which biometrics were being collected, stored, and used before receiving such biometrics;

e.  Whether Defendant profited from the Class's biometrics;

f.  Whether Defendant disclosed or otherwise disseminated the Class's biometrics without the requisite consent;

g.  Whether Defendant's conduct violates BIPA;

h.  Whether Defendant's violations of BIPA are willful or reckless; and

i.  Whether Plaintiff and the Class are entitled to damages and injunctive relief.

52.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

53.     Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to those of the members of the Class.

54.     Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure

10

FILED DATE: 5/26/2022 5:12 PM   2022CH05145

compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)**
**(On behalf of Plaintiff and the Class)**

55.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

56.     Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

57.     As discussed above, Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints and/or data derived therefrom, *i.e.* "biometric information," collected and stored, and thus possessed, by Defendant as a result of interacting with timekeeping services hosted on Defendant's Azure platform.

58.     Section 15(a) of BIPA requires any entity in possession of biometric identifiers or biometric information to "develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

59.     Though Defendant has come into possession of Plaintiff's and other Class members' biometric identifiers, it has failed to make publicly available any policy addressing its biometric retention and destruction practices.

60.     As a result, Defendant has violated Section 15(a) of BIPA.

61.     Defendant knew, or was reckless in not knowing, that its Azure platform which numerous Illinois residents interacted with, would be subject to Section 15(a) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

11

FILED DATE: 5/26/2022 5:12 PM  2022CH05146

62.    BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

63.    Defendant's violations of Section 15(a) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(a) of BIPA

64.    Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## COUNT II
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(b)
### (On behalf of Plaintiff and the Class)

65.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

66.    Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

67.    As discussed above, Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints and/or data derived therefrom, *i.e.* "biometric information," collected, captured, and stored by Defendant on its Azure platform.

68.    BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric identifiers or biometric information. Specifically, under BIPA it is unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the

12

biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

69.     In each instance when Plaintiff and the other Class members interacted with their employers' biometric timekeeping systems, Defendant captured, collected, or otherwise obtained Plaintiff's and the other Class members' biometrics without their written consent and without complying with and, thus, in violation of BIPA.

70.     Defendant's practices with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

   a.   Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

   b.   Defendant failed to inform Plaintiff and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

   c.   Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

   d.   Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

71.     As a result, Defendant has violated Section 15(b) of BIPA.

72.     Defendant knew, or was reckless in not knowing, that its Azure platform which numerous Illinois residents interacted with, would be subject to Section 15(b) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

73.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740

FILED DATE: 5/26/2022 5:12 PM   2022CH05145

ILCS 14/20(1)–(2).

74.     Defendant's violations of Section 15(b) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(b) of BIPA.

75.     Accordingly, with respect to Count II, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## COUNT III
**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(c)**
**(On behalf of Plaintiff and the Class)**

76.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

77.     Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

78.     As discussed above, Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints and/or data derived therefrom, *i.e.* "biometric information," collected, captured, and stored by Defendant on its Azure platform.

79.     Section 15(c) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from selling, leasing, trading, or otherwise profiting from such biometrics. 740 ILCS 14/15(d).

80.     As alleged herein, Defendant profited from the biometrics it obtained from its clients' employees, including Plaintiff and the other Class members, as Defendant was paid by its clients for access to Defendant's Azure platform. On information and belief, Defendant charges its clients based on the amount of data it stores on their behalf, such that Defendant's profits are dependent at least in part on the amount of biometric data it stores. Thus, Defendant profited directly from Plaintiff's and the other Class members' biometrics.

81.     Accordingly, Defendant has violated Section 15(c) of BIPA.

14

FILED DATE: 5/26/2022 5:12 PM 2022CH05146

82. Defendant knew, or was reckless in not knowing, that its Azure platform which numerous Illinois residents interacted with, would be subject to Section 15(c) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

83. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

84. Defendant's violations of Section 15(c) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(c) of BIPA.

85. Accordingly, with respect to Count III, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

## COUNT IV
### Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(d)
### (On behalf of Plaintiff and the Class)

86. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

87. Defendant is a private entity subject to BIPA. 740 ILCS 14/10.

88. As discussed above, Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints and/or data derived therefrom, *i.e.* "biometric information," collected, captured, and stored by Defendant on its Azure platform.

89. Section 15(d) of BIPA prohibits any private entity in possession of biometrics, such as Defendant, from disclosing, redisclosing, or otherwise disseminating an individual's biometric identifiers or biometric information without that individual's consent. 740 ILCS 14/15(d).

90. As alleged herein, after Plaintiff's and other Class members' biometric identifiers were obtained by Defendant through its clients' platforms, Defendant disclosed or otherwise

FILED DATE: 5/26/2022 5:12 PM  2022CH06145

disseminated their biometrics.

91.     Defendant never obtained Plaintiff's or other Class members' consent to disclose or disseminate their biometrics.

92.     Accordingly, Defendant has violated Section 15(d) of BIPA.

93.     Defendant knew, or was reckless in not knowing, that its Azure platform which numerous Illinois residents interacted with, would be subject to Section 15(d) of BIPA, a statutory provision passed in 2008, yet failed to comply with the statute.

94.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)–(2).

95.     Defendant's violations of Section 15(d) of BIPA, a statutory provision that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with Section 15(d) of BIPA.

96.     Accordingly, with respect to Count IV, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court enter an Order:

a.     Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned counsel as class counsel;

b.     Declaring that Defendant's actions, as set forth herein, violate BIPA;

c.     Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

FILED DATE: 5/26/2022 5:12 PM   2022CH05145

d.      Awarding statutory damages of $5,000 for each willful and/or reckless violation of

BIPA, pursuant to 740 ILCS 14/20(2);

e.      Awarding statutory damages of $1,000 for each negligent violation of BIPA,

pursuant to 740 ILCS 14/20(1);

f.      Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant

to 740 ILCS 14/20(3);

g.      Awarding pre- and post-judgment interest, as allowable by law; and

h.      Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: May 26, 2022                          Respectfully submitted,

NATASHA R. JONES, individually and on behalf
of similarly situated individuals

By: /s/ Steven Beckham
One of Plaintiff's Attorneys

Myles McGuire
Paul T. Geske
Steven R. Beckham
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
pgeske@mcgpc.com
sbeckham@mcgpc.com

*Attorneys for Plaintiff and the putative Class*